# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**OSVALDO MERCADO,**

    Petitioner,

  v.

**R. THOMPSON, WARDEN,**

    Respondent.

Case No. 25–cv–14881–ESK

OPINION

**KIEL, U.S.D.J.**

    Petitioner Osvaldo Mercado filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) challenging his federal conviction, No. 22-cr-00026 (D.N.J. Oct. 12, 2022). (ECF No. 1.) He argues that he should not have been charged pursuant to 18 U.S.C. § 924(c) because he did not brandish a firearm or use it in any way. (*Id.* p. 6.)

    Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)).

    Petitioner asserts § 2255 is ineffective or inadequate to challenge his conviction because he did not learn of a relevant Supreme Court case until more than a year after his sentence and because the Petition "surrounds the wrongful

application of a statute ... ."  (ECF No. 1 p. 4.)  "[T]he saving clause preserves recourse to §2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence."  *Jones v. Hendrix*, 599 U.S. 465, 478 (2023).  Neither of the reasons cited by petitioner meets these conditions.  Therefore, I lack jurisdiction over the Petition pursuant to §2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. §1631.  I decline to convert the Petition into a §2255 motion and transfer it to the sentencing judge because there are legal consequences of such characterization.  *See Castro v. United States*, 540 U.S. 375 (2003).  However, I will direct the clerk to mail petitioner a blank form for §2255 motions so that he may decide whether to file his challenge with the sentencing court.[1]  An appropriate Order accompanies this Opinion.

    */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated:  September 17, 2025

---

[1] I express no opinion as to the merits of any forthcoming §2255 motion or whether said motion otherwise complies with the Antiterrorism and Effective Death Penalty Act of 1996.